**FILED**

JUL 23 2004

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tammy L. Walker, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NOTICE OF REMOVAL |
| vs. ) | |
| ) | |
| Florence Nursing Services, Inc. ) | Case No.:  6:04-2465-26 |
| and United Management Services, Inc., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendants Florence Nursing Services, Inc. ("Florence Nursing") and United Management Services, Inc. ("United Management"), or collectively "Defendants," by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice, Defendants state as follows:

1. On June 23, 2004, Plaintiff Tammy L. Walker ("Walker" or "Plaintiff") filed Civil Action No. 2004-CP-23-4102 in the Court of Common Pleas, State of South Carolina, County of Greenville ("Circuit Court Case").

2. Walker served a copy of the Summons and Complaint ("Complaint") in the Circuit Court Case on Florence Nursing and United Management by certified mail on June 24, 2004. Defendants received the Summons and Complaint on June 25, 2004. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint is attached hereto as Exhibit A. No other documents have been served or filed in the matter.

3. Removal from the Circuit Court to this Court is proper pursuant to 28 U.S.C. § 1441(b). This Court has removal jurisdiction because it would have original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, in that it is a civil action wherein a federal question is involved. Specifically, Walker alleges that Defendants failed to properly compensate her in violation of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) as it is being filed within 30 days after Defendants received Plaintiff's Complaint.

5. Written notice of the filing of this Notice of Removal will be given promptly to the Plaintiff and, together with a copy of the Notice of Removal, will be filed with the clerk of the Circuit Court, as provided by 28 U.S.C. § 1446(d). Attached hereto as Exhibit B is a copy of the Notice to State Court of Removal which will be filed with the Circuit Court.

WHEREFORE, Defendants respectfully request that the above action now pending against them in the Court of Common Pleas, County of Greenville, State of South Carolina, be removed therefrom to this Court.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
Elizabeth B. Partlow (No. 2662)
Dorothy H. Hogg (No. 9257)
Attorneys for Defendants
Florence Nursing Services, Inc. and
United Management Services, Inc.

1501 Main Street, Suite 600
Post Office Box 11206
Columbia, South Carolina 29211
(803) 252-1300
(803) 254-6517

Dated this _23_ day of July, 2004

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) In the Court of Common Pleas |
| | ) |
| COUNTY OF GREENVILLE | ) 2004-CP-23-4102 |
| | ) |

|  |  |
|---|---|
| Tammy L. Walker, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) SUMMONS |
| | ) |
| Florence Nursing Services, Inc., and | ) |
| United Management Services, Inc., | ) |
| | ) |
| Defendants. | ) |

TO THE DEFENDANTS ABOVE NAMED: YOU ARE HEREBY summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices, 708 East McBee Avenue, Greenville, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court and judgment by default will be rendered against you for the relief demanded in the Complaint.

_____
Justin M. Grow, S.C. Bar No. 69357
Brian P. Murphy, S.C. Bar No.: 6770

Murphy & Grow, PC
708 E. McBee Ave.
Greenville, SC 29601
Phone: (864) 370-9400
Fax: (864) 241-1386

-1-

EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF GREENVILLE ) | 2004-CP-23- 4102 |

| | |
|---|---|
| Tammy L. Walker, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| Florence Nursing Services, Inc., ) | Jury Trial Demanded |
| and United Management ) | |
| Services, Inc., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, through her counsel, would respectfully show unto the Court the following:

1. Plaintiff is a resident of Kershaw County, South Carolina and was, at all pertinent times, employed by Defendants in Greenville, Lexington, Richland and Kershaw Counties, among others.

2. Defendant Florence Nursing Services, Inc. is, upon information and belief, a South Carolina corporation which maintains an office and conducts business in Greenville County. Accordingly, this Court has jurisdiction to resolve these claims and venue is proper within this Court.

3. Defendant United Management Services, Inc. is, upon information and belief, a South Carolina corporation which conducts business in Greenville County. Accordingly, this Court has jurisdiction to resolve these claims and venue is proper within this Court.

4. Plaintiff was employed by Defendants.

-1-

5. Plaintiff worked in excess of 40 hours per week during her employment with Defendants and Defendants failed and/or refused to compensate Plaintiff for such work in excess of 40 hours at an overtime rate of not less than one and one-half times her regular rate of pay, in violation of Section 7(a) of the Fair Labor Standards Act ("FLSA").

6. Defendants required Plaintiff to remain "on call" at regular intervals during her employment and Plaintiff performed work for Defendants during these periods. Plaintiff was not properly compensated for the periods she was required to remain on call.

7. Defendants represented to Plaintiff both orally and in writing that she would be compensated for all of the time she spent in Defendants' employ.

8. Plaintiff accepted her employment with Defendants and continued to work for Defendants based on their representations regarding her compensation.

9. At all times relevant hereto, Plaintiff relied on Defendants' written and oral representations regarding her compensation.

10. Defendants knew or should have known at the time they made these representations that Plaintiff would so rely and, in fact, they intended that she do so.

11. Defendants' actions have been willful and made with reckless disregard for Plaintiff's rights.

12. At all times relevant to this action, Plaintiff qualified as an "employee" within the meaning of 29 U.S.C. § 203(e) and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

13. At all times relevant to this matter, Defendants were and/or are the "employer" of Plaintiff, as defined by Section 3(b) of the FLSA and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*

### Count I
### For A First Cause Of Action
### Violation of the Fair Labor Standards Act

14. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

15. Plaintiff worked in excess of 40 hours per week and Defendants failed and/or refused to compensate Plaintiff for such work in excess of 40 hours at an overtime rate of not less than one and one-half times her regular rate of pay, in violation of Section 7(a) of the FLSA.

16. Defendants' failure to properly compensate Plaintiff despite having full knowledge that she was working in excess of 40 hours per workweek on a regular basis constitutes a willful violation of the FLSA.

17. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to all damages available under that statute.

WHEREFORE, Plaintiff respectfully requests a trial by jury on her claim for violation of the FLSA as well as entry of judgment in an amount to be determined at trial to include all unpaid overtime wages, liquidated damages, attorneys fees and pre-judgment interest, as set forth in Section 16(b) of the FLSA.

### Count II
### For A Second Cause Of Action
### Violation of the South Carolina Payment of Wages Act

18. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

-3-

19. The compensation Defendants have failed to pay Plaintiff with respect to the time she was required to remain on call constitute "wages" under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.*

20. Defendants have failed to pay wages when due in violation of S.C. Code Ann. §§ 41-10-30(D), -50.

21. Plaintiff is entitled to all damages available under the South Carolina Payment of Wages Act as a result of Defendants' violation.

WHEREFORE, Plaintiff respectfully requests a trial by jury on her claim for violation of the South Carolina Payment of Wages Act as well as entry of judgment in an amount to be determined at trial to include all unpaid wages, treble damages, attorneys fees, costs and pre-judgment interest.

## Count III
## For A Third Cause of Action
## Breach of Contract

22. Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

23. Defendants' written and oral representations to Plaintiff created a contract requiring Plaintiff to be compensated by Defendants for all services she rendered on their behalf.

24. Plaintiff performed all material duties required of her under the terms of the aforementioned contract.

25. Defendants breached their contractual obligations by failing to compensate Plaintiff as required as well as covenants implied at law, including the covenant of good faith and fair dealing.

26. Plaintiff has incurred actual and consequential damages as a result of Defendants' breaches.

27. Defendants' breaches are without justification.

-4-

For the Plaintiff:

_____
Justin M. Grow, S.C. Bar No. 69367

WHEREFORE, Plaintiff respectfully requests a trial by jury on her claim of breach of contract and that she be granted all available relief including, but not limited to, specific performance, an award of lost wages, lost fringe benefits, and other actual and consequential damages resulting from the breaches complained of herein, front pay, and all other and further relief as to this Court appears necessary and proper, including, but not limited to, the costs of this action and pre-judgment and post-judgment interest.

### Count IV
### For A Fourth Cause of Action
### Quantum Meruit

28. Plaintiff incorporates by reference the averments of the foregoing paragraphs as if set forth here in full.

29. Plaintiff's efforts conferred benefits upon Defendants.

30. Defendants have realized the benefits conferred upon them and retention of those benefits under the circumstances is unjust, as Defendants should pay for the value of the services provided by Plaintiff.

31. Defendants have not paid for the value of the benefits conferred upon them.

WHEREFORE, Plaintiff requests entry of judgment and relief in an amount to be determined at trial, but which should consist of relief and damages including, but not limited to, injunctive relief and an amount equal to the value of the benefits conferred upon Defendants, costs, interest, and any other relief that avoids and rectifies the unjust enrichment of Defendants, injunctive relief and a constructive trust.

Respectfully submitted this 12th day of June, 2004.

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF GREENVILLE | ) THIRTEENTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Tammy L. Walker, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NOTICE TO STATE COURT OF |
| vs. | ) REMOVAL |
| | ) |
| Florence Nursing Services, Inc. | ) Civil Action No. 2004-CP-23-4102 |
| and United Management Services, Inc., | ) |
| | ) |
| Defendants. | ) |

TO: The Honorable Paul B. Wickensimer
Clerk of Court
Greenville County Courthouse
305 East North Street
Greenville, South Carolina 29601

PLEASE TAKE NOTICE that this lawsuit (S.C. Case No.: 2004-CP-23-4102) has been removed from the Court of Common Pleas for Greenville County, South Carolina, to the United States District Court of South Carolina, Greenville Division.

Filed herewith is a copy of the Notice of Removal and Certificate of Service filed in federal court.

Please acknowledge receipt of filing this Notice and the Notice of Removal in your office by signing the enclosed Acknowledgment of Filing.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____ (MMSH # 12059)
Elizabeth B. Partlow (S.C. Bar No.4348)
Dorothy H. Hogg (S.C. Bar No. 71710)

**Exhibit B**

Attorneys for Defendants
Florence Nursing Services, Inc. and
United Management Services, Inc.

1501 Main Street, Suite 600
Post Office Box 11206
Columbia, South Carolina 29211
(803) 252-1300
(803) 254-6517

Dated this 23rd day of July, 2004